# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CRYSTAL MCLEMORE, ET AL. | Civil Action No. 6:19-0751 |
| versus | Judge Michael J Juneau |
| MARK GARBER, ET AL. | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Rule 12(b)(6) Motion to Dismiss filed by defendant Dr. Thomas Voitier, II ("Voitier") [Doc. 88]. The plaintiffs oppose the motion [Doc. 105], and Voitier filed a reply brief [Doc. 111]. For the following reasons, it is RECOMMENDED that the Motion to Dismiss be GRANTED.

## FACTUAL BACKGROUND

As the Court has set forth the entirety of the facts of this case in previous orders, the undersigned will limit the factual background to the claims against Dr. Voitier.

The instant lawsuit arises out of an incident occurring on June 15-16, 2018 at the Lafayette Parish Correctional Center ("LPCC"), where the decedent, Ronald Walker, was allegedly found deceased as the result of a drug overdose. It appears to be undisputed that Ronald Walker, a pre-trial detainee, presented for intake at

1

LPCC as having taken sleep medication just prior to his arrest. After completing an intake medical clearance by a nurse, Walker was placed in a holding cell. He died some hours later. All of the defendants have argued throughout this litigation that, unbeknownst to any officials at LPCC, Walker had ingested codeine (instead of sleep medication) prior to his arrest.

On June 13, 2019, the plaintiffs filed suit against Lafayette Parish Sheriff Mark Garber, as well as numerous Lafayette Parish Sheriff's Office ("LPSO") deputies and various medical professionals. In their Second Supplemental an Amended Complaint [Doc. 75], the plaintiffs allege that Voitier acted with deliberate indifference to the serious medical needs of Walker; established and maintained policies that he knew would deprive prisoners with serious medical needs of treatment, under *Monell*; violated the Louisiana standard of care, which resulted in the wrongful death of Walker (state law medical malpractice); and intentionally caused injury and harm to Walker under Louisiana state law (state law intentional tort).

In the instant motion, Voitier argues the plaintiffs fail to state a §1983 claim against him because the facts plaintiffs allege do not support their claim that he acted with deliberate indifference to Walker's alleged medical needs, implemented policies and procedures he knew would cause harm to those detained in the jail, and

failed to properly supervise the Advantage medical professionals.[1] He also argues the facts alleged by the plaintiffs do not establish a claim for state law medical malpractice or intentional tort.

## LAW AND ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements

---

[1] From a review of the briefs, it appears that Dr. Voitier was not employed by Advantage, but was instead employed by Voitier Group, LLC.

of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed.R.Civ.P. 12(b)(6). The Fifth Circuit allows courts to consider "[d]ocuments that a defendant attaches to a motion to dismiss [to be] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993).

In their opposition brief, the plaintiffs object to the Court's consideration of the documents attached to the pending motion, which were filed at Rec. Doc. 88-2 through 11. These documents include the affidavit of arrest, the Lafayette Parish Behavioral Sheet Documentation, the Lafayette Parish Correctional Center Initial Acceptance Form ("IAF"), Nurse Protocols prepared by Shelly Samuel and Mona

4

Bergeaux, POD Control Logs from June 15, 2018 and June 16, 2018, a Corrections Incident Report, the Coroner's Report, and the Opinion of the Medical Review Panel which reviewed identical claims against Dr. Voitier, Advantage, Samuel, Bernard, Bergaux, Clay, and Wiltz. Plaintiffs argue that these documents are unreliable because they have not been authenticated. Plaintiffs acknowledge, however, that they rely on the IAF and the Nurse Protocol of Nurse Samuel in support of their claims in the Second Amended Complaint.[2]

Review of the Second Supplemental and Amended Complaint shows that the plaintiffs refer to the IAF and the Nurse Protocol of Nurse Samuel and the Behavioral Sheet Documentation throughout their complaint in alleging their claims. Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss and, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); *Accord Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011). Because the plaintiffs

---

[2] Plaintiffs argue that these documents cannot be considered in ruling on the pending motion to dismiss, and that before the documents can be considered, the motion would need to be converted to a motion for summary judgment, to which they object. *See Thompson v. Ackal*, WDLA # 15–02288 (March 9, 2016), 2016 WL 1394352 at *3 (refusing to consider unauthenticated documents attached to defendants' motion to dismiss); *Ace American Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188-90 (S.D. Tex. 2008) (refusing to consider documents attached to defendants' motion to dismiss).

relied upon the IAF, the Nurse Protocol of Nurse Samuel, and the Behavioral Sheet Documentation in their Second Supplemental and Amended Complaint, the undersigned has considered them in making the recommendations made herein.[3]

### B. Analysis

#### 1. 1983 claim for deliberate indifference to serious medical need

Pretrial detainees have a constitutional right not to have confining officials treat their serious medical needs with deliberate indifference, under the Due Process Clause of the Fourteenth Amendment. *Estate of Allison v. Wansley*, 524 F. App'x 963, 970 (5th Cir. 2013), *citing Jacobs v. W. Feliciana Sheriff's Dep't,* 228 F.3d 388, 393 (5th Cir.2000) ("Unlike convicted prisoners, whose rights to constitutional essentials like medical care and safety are guaranteed by the Eight[h] Amendment, pretrial detainees look to the procedural and substantive due process guarantees of the Fourteenth Amendment to ensure provision of these same basic needs."), *citing Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). A serious medical condition or need is equivalent to objective exposure to a substantial risk of harm; such a condition or need is "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Carlucci v. Chapa*, 884 F.3d 534, 538-40 (5th Cir. 2018), *quoting Gobert*

---

[3] Although it appears that plaintiffs also relied on information contained in some of the other LSPO documents which are attached as exhibits to Votier's motion, the Court finds those documents unnecessary to the resolution of this motion and, as such, has not considered them.

6

*v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006); *Cadena v. El Paso County*, 946 F.3d 727-28 (5th Cir. 2020). "Medical treatment that is merely unsuccessful or negligent does not constitute deliberate indifference, 'nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.'" *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (citations omitted) (analogous Eighth Amendment convicted prisoner context).[4]

The parties disagree about the standard to be applied to the plaintiffs' deliberate indifference claims. However the law is settled in the Fifth Circuit that the standard is one of subject deliberate indifference.[5] In *Estate of Bonilla by & through Bonilla v. Orange Cty., Texas*, 982 F.3d 298, 305 (5th Cir. 2020), the Fifth Circuit explained that to prove deliberate indifference, the plaintiff must show that the

---

[4] The same legal standard governs the constitutional claims concerning medical care by pretrial detainees under the Due Process Clause and convicted inmates under the Eighth Amendment. Baughman v. Garcia, 254 F.Supp.3d 848, 868. (S.D.Tex. 2017).

[5] The plaintiffs argue that an objective deliberate indifference standard should be employed in light of the Supreme Court's decision in *Kingsley v. Hendrickson*, — U.S. —, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), an excessive force case. They acknowledge, however, that the Fifth Circuit has declined to adopt such a standard in failure to protect cases. In *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 n.4 (5th Cir. 2017), decided after *Kingsley*, the Fifth Circuit noted that Judge Graves, in his concurring opinion, suggested that the court should reconsider *Hare en banc* in light of *Kingsley*. However, the panel declined to do so, noting that because the Fifth Circuit has continued to rely on *Hare* and to apply a subjective standard post-*Kingsley*, the panel was bound by the Circuit's rule of orderliness. *See Estate of Henson v. Wichita Cty.*, 795 F.3d 456 (5th Cir. 2015); *see also Hyatt v. Thomas*, 843 F.3d 172 (5th Cir. 2016); *Zimmerman v. Cutler*, 657 Fed.Appx. 340 (5th Cir. 2016). The panel also noted that the Ninth Circuit is the only circuit to have extended *Kingsley*'s objective standard to failure-to-protect claims. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). In light of the foregoing, this Court continues to apply the subjective deliberate indifference standard.

defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," that the defendants actually "dr[e]w the inference," and that the defendants "disregard[ed] that risk by failing to take reasonable measures to abate it." *Hyatt v. Thomas*, 843 F.3d at 177 (5th Cir. 2016), *quoting Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Thus, a plaintiff "must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *See Arenas,* at 620-21 (citations omitted). To be sure, "[p]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (considering analogous Eighth Amendment context).

Additionally, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm and is "an extremely high standard to meet." *See Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996) (*en banc*) and *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 75 (5th Cir. 2001). To show that a municipal employee acted with subjective deliberate indifference, [the plaintiff] must allege that "the official had

8

subjective knowledge of a substantial risk of serious harm." *See, e.g., Watts v. Warren Cty., Mississippi*, 2019 WL 2492286, at *3 (S.D. Miss. June 14, 2019), *citing Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 526 (5th Cir. 1999), *quoting Hare*, 74 F.3d at 650.

As it is undisputed that Voitier was not present at the jail at any point during which Walker was there, plaintiffs plead a *Monell* or supervisory liability claim against Voitier, in effect arguing he is responsible for the deliberate indifference of the Advantage defendants. It is well-settled, however, that a *Monell* claim falls where there is no underlying violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); *Cardenas v. San Antonio Police Dept.*, 417 F.Appx. 401, 402 (5th Cir. 2011) (recognizing that "because the individual defendants did not inflict any constitutional harm on plaintiff, the district court properly granted summary judgment for the city).

In a separate Report and Recommendation addressing the Advantage defendants' motion to dismiss [Doc. 90], the undersigned recommended the dismissal of all underlying claims against Advantage and its nurses. In that Report, the undersigned set forth in detail the rationale for the recommended dismissal of all Section 1983 claims for deliberate indifference and state law claims for medical malpractice and intentional tort alleged against the Advantage defendants [Doc. 120]. Plaintiffs did not object to the findings and recommendations contained in that

9

Report and Judge Juneau issued a Judgment adopting the Report and Recommendation on June 4, 2021, dismissing all claims against the Advantage defendants. Accordingly, the rationale set forth in that Report and Recommendation is adopted herein. Because this Court has dismissed all claims against the Advantage defendants, the plaintiffs cannot successfully bring a claim against Voitier for supervisory liability or for allegations of inadequate policies or procedures under *Monell*. For these reasons, the plaintiffs fail to state a claim for the foregoing.

### 2. State law medical malpractice or intentional tort claim

In their complaints, the plaintiffs admit that Dr. Voitier was not involved in Walker's booking, medical assessment, or monitoring, and at no time was contacted regarding Walker during the incident in question. In their opposition brief, the plaintiffs attempt to clarify that their state law claims arise out of Voitier's supervisory liability in connection with the care or lack thereof of the Advantage defendants and in enacting health care policies at the jail that fell below the standard of care.

The undersigned has already determined that the plaintiffs fail to state a claim for supervisory liability against Voitier. Therefore, to the extent the state law claims are alleged as supervisory claims, they must fail. Additionally, because the plaintiffs acknowledge that Voitier had no contact with Walker at any time, the plaintiffs fail to state a claim for medical malpractice or intentional tort against Voitier.

# CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Rule 12(b)(6) Motion to Dismiss filed by defendant Dr. Thomas Voitier, II ("Voitier") [Doc. 88] GRANTED in its entirety.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 4th day of June, 2021 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE